**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY PAUL FLOWERS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CASE NO. 4:15cv160 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant | § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DISMISSING CASE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 3, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Amended Motion to Dismiss (Dkt. # 14) should be GRANTED (*see* Dkt. # 17). Specifically, the Magistrate Judge recommended that any claims based on Plaintiff's request for review of the Appeals Council September 18, 2013 Decision ("the First Claim") should be dismissed with prejudice and that any claims based on the appeal of Plaintiff's May 30, 2014 request for Disability Insurance Benefits and Supplemental Security Income ("the Second Claim") should be dismissed without prejudice so that Plaintiff can exhaust all administrative remedies prior to seeking further court intervention.

On May 23, 2016, *pro se* Plaintiff filed objections to the report (*see* Dkt. # 19). On June 15, 2016, Defendant filed its response to those objections (*see* Dkt. # 24).

The court has made a *de novo* review of the objections raised by Plaintiff, as well as Defendant's response, and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge that the motion to dismiss should be granted.

In his objections, Plaintiff states that he has no objections to the Magistrate Judge's recommendation that any claims based on the First Claim should be dismissed with prejudice. There being no objection to that portion of the recommendation, it is adopted in full and those claims shall be dismissed.

The court next turns to the Magistrate Judge's recommendation that any claims based on the Second Claim should be dismissed without prejudice so that Plaintiff can exhaust all administrative remedies prior to seeking further court intervention.

As to the Magistrate Judge's finding that the court lacks jurisdiction over the Second Claim, Plaintiff does not cite to any authority that would show how, given the facts alleged, this court has jurisdiction over his claims, nor does he show how he has exhausted his administrative remedies. Instead, Plaintiff proposes that this matter be stayed in order for the Social Security Administration to determine whether he meets the good cause exception set forth under the applicable regulations as discussed by the Magistrate Judge in his report. In essence, Plaintiff argues that re-filing his suit all over again after he exhausts his remedies would be a burden and detrimental to him given the time he has already spent on his appeal of the Second Claim. The court finds that dismissal is

appropriate as recommended by the Magistrate Judge.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). As the Magistrate Judge correctly noted, this court only has jurisdiction over Plaintiff's claims if he has exhausted all administrative remedies. *Caesar v. Barnhart*, 191 F. App'x 304, 304 (5th Cir. 2006) (unpublished) ("A Social Security claimant must exhaust administrative remedies before seeking review in federal court."); *see also* 20 C.F.R. §§ 404.900(a)(5) 416.1400(a)(5) (providing that federal court review is only proper once the claimant has completed all of the steps of the administrative review process); *Stump v. Barnhart*, 387 F. Supp. 2d 686, 689 (E.D. Tex. 2005) (explaining steps required for exhaustion of remedies in appeal of Social Security decision). Plaintiff's objections do not cite to any evidence or argument to show that a hearing before an ALJ was held on his Second Claim or that the matter was brought to the Appeals Council. He has not exhausted the required administrative remedies.

As Defendant has correctly noted in response to Plaintiff's arguments that the court should stay this case pending administrative review, "[s]ubject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception," and "[n]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 872 (E.D. Tex. 2005). For this reason, the court cannot suspend the case pending an exhaustion of remedies as Plaintiff proposes. That objection is therefore overruled.

Plaintiff has also argued that no effort has been made to identify the Social Security employee who gave him the incorrect information regarding filing the underlying suit. Such an argument does

not confer jurisdiction on the court and remains an issue to be resolved, if at all, on the administrative level. As correctly noted by the Magistrate Judge, whether the good cause exception applies is a matter to be determined by the Social Security Administration, not this court. *See generally* 20 C.F.R. § 416.1411; 20 C.F.R. §§ 416.1409(b), 416.1433(c), 416.1468(b), 416.1482 (permitting deadlines to be extended at the administrative level upon showing of good cause by the claimant). That objection is without merit.

The Magistrate Judge correctly found that, because Plaintiff has not shown that he has exhausted his administrative remedies, this court cannot exercise any jurisdiction over his claims and they should be dismissed without prejudice. For this reason, the court adopts the Magistrate Judge's recommendations as the findings and conclusions of the court.

Therefore, Defendant's Amended Motion to Dismiss (Dkt. # 14) is GRANTED. Any claims based on the First Claim are dismissed with prejudice, and any claims based on the appeal of the Second Claim are dismissed without prejudice.

The matter is closed on the court's docket, and all costs shall be borne by the party incurring same.

**So Ordered and Signed**
**Jun 30, 2016**

_____
Ron Clark, United States District Judge